IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MCNICKLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0230 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Carlos McNickles, a state inmate proceeding *pro se*, challenges his disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he received a disciplinary conviction at the Ferguson Unit on September 17, 2009, for possession of contraband. He was punished with commissary and cell restrictions, temporary loss of contact visitation rights, and a reduction in line status. His administrative appeals of the conviction were denied. Petitioner states that he is eligible for mandatory supervised release. He challenges the sufficiency of the evidence and asserts due process violations in the instant petition.

*Analysis*

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges and cell restriction are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id.* The Fifth Circuit has also determined that reductions in a prisoner's classification status and the potential impact on good time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In order to challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must be eligible for mandatory supervised release *and* have received a punishment sanction which included forfeiture of previously accrued good time credits. *Id*. In the instant case, petitioner does not report that he lost good time credit as a punishment for the disciplinary conviction. Accordingly, no cognizable federal habeas claim is raised in this petition.

*Conclusion*

Habeas relief is DENIED and this petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on January 27, 2010.

_____
Gray H. Miller
United States District Judge